# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| JAMES O. HICKS, ) | |
| Plaintiff, ) | |
| ) | No.: 4:19-CV-012-PLR-SKL |
| v. ) | |
| BEDFORD COUNTY, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint filed under 42 U.S.C. § 1983 that is proceeding only as to Plaintiff's claim that Defendant Bedford County denied Plaintiff recreation time [Doc. 11 p. 4]. Now before the Court is Defendant's motion to compel Plaintiff to respond to discovery [Doc. 18] and a memorandum in support thereof [Doc. 19]. However, for the reasons set forth below, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983 and/or as moot. Thus, Defendant's motion to compel [Doc. 18] will be **DENIED as moot**.

As the Court previously noted in its order screening Plaintiff's complaint [Doc. 11], under the Prison Litigation Reform Act, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that fail to state a claim for relief, among other things. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). Also, as set forth above, the only claim proceeding in this action is Plaintiff's claim that Defendant Bedford County has denied him recreation time [*Id.* at 4]. However, Plaintiff's complaint does not allow the Court to plausibly infer that he suffered any physical injury due to the alleged lack of recreation time [Doc. 2 p. 3–5], and prisoners cannot recover monetary damages for emotional or mental injury resulting from a constitutional violation absent a physical injury that is greater than *de minimis*. 42 U.S.C. § 1997e(e) (providing

that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"); *Wilson v. Yaklich*, 148 F.3d 598, 600–01 (6th Cir. 1998) (providing that claims seeking monetary damages for failure to protect in violation of the Eighth Amendment fail absent a physical injury that is more than *de minimis*). Thus, Plaintiff's request for financial compensation for the denial of recreation time [*Id.* at 5] fails to state a claim upon which relief may be granted under § 1983.

Moreover, Plaintiff did not seek injunctive relief for the claims in his complaint [*Id.*]. However, even if he had done so, any such claim would be moot, as Plaintiff is no longer confined in the Bedford County Jail [Doc. 9 (noting that Plaintiff is now confined in the Lois M. Deberry Special Needs Facility)]. *See, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that prisoner's claim for declaratory and injunctive relief against prison officials became moot once the prisoner was transferred to different facility).

Thus, this action will be **DISMISSED** for failure to state a claim under § 1983 and/or as moot and Defendant's motion to compel [Doc. 18] will be **DENIED as moot**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

E N T E R:

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

2